## GRESHAM v. WALKER.

1. Usrey, and Usury are *idem sonans*.
2. A delivery bond, which does not purport to be taken in the same case, is not competent evidence for the sher iff, in a rule against him for failing to make money on an execution.
3. It is no answer to a suggestion against the officer for failing to make the money, that a delivery bond was taken. He can discharge himself only by his return on the execution, that a delivery bond was taken, and the property returned to the defendant.
4. A levy may be made on property exempt by law from sale by legal process, unless the defendant asserts his privilege. And where such a levy was made, and the property left with the defendant by the officer, he will be responsible, unless on demand the defendant refuses to deliver it.

Error to the Circuit Court of Randolph.

THIS was a suggestion by the defendant in error, against the plaintiff in error, as coroner, that he could by due diligence, have made the money on an execution, against one Peter Usury.

An issue being made up, the plaintiff produced a writ of *fieri facias*, corresponding with that in the suggestion, except that in the suggestion, the defendant was described as Peter *Usrey*, and in the *fieri facias* he was called Peter Usury. The defendant moved the court to exclude this writ from the jury, upon the ground of variance, but the court refused to exclude it, and the defendant excepted.

The plaintiff then proved, that the coroner levied the execution on property sufficient to satisfy it; that some of the property levied on was exempt by law from levy, and sale, but had been levied on by consent of the defendant in execution, and was left in his possession, to be delivered on the day of sale, and that the same was not then delivered.

The defendant offered to read in evidence a bond executed by Peter Usury, and two others, payable to the Branch

of the Bank of the State of Alabama, with a condition, reciting, that the defendant, as coroner, had levied on certain described property, as the property of Peter Usury, and binding themselves to deliver the property, at a day and place named, "the above property levied on, by one *fi. fa.* in favor of Sylvanus Walker, and one in favor of Robert F. Leverett, both issued from the county court. Now if the above bound Peter Usury, &c., doth deliver the above described property, unto Davis E. Gresham, on the 1st of October next, at, &c., then this bond to be void," &c.

The defendant proved, that this bond was found in the office of the clerk from which the execution issued, with the execution in this case, and that the coroner made a return on the bond as follows: "The 1st day of October being set forth for the delivery of the property, the parties failing to deliver the same, I therefore return the within bond within ten days forfeited.   10 October, 1842.

DAVIS E. GRESHAM, Coroner.

The court refused to allow this bond, or the indorsement thereon to be read, and the defendant excepted.

The court charged the jury, that if the coroner levied the writ, by the consent of the defendant in execution, on property exempt by law from levy, or sale, and permitted the same to remain in his possession, and the same was not delivered, or sold, that the officer was responsible for the value of the property, so levied on, to which the defendant excepted.


BOWDON, for plaintiff in error.

1. The court erred in charging the jury that the coroner was liable for not selling property exempt from execution, though levied on by consent of defendant.   Having retained the property, he was authorized to withdraw that consent. It was *nudum pactum.* [See Clay's Dig. 210, § 47; Watson & Simpson v. Simpson, 5 Ala. R. 233; Wallis v. Truesdell, 6 Pick. 455; Johns v. Church, 12 Pick. 557; Jordan v. Autrey, at this term; Gary v. Hathway, 6 Ala. Rep. 161.]

2. The execution read in evidence should have been rejected, as it varied from that described in the suggestion. "*Usrey,*" and "Usury" are different names, both in sound

and spelling. Thus *Barham* and *Barnham*, *Crawley* and *Crowley*, Ansty and Anstey, *Shutliff* and *Shirtliff*, McCann and McCaon, *Tarbert* and *Tabert*, are held not to be the same names. See Kirk v. Suttle, 6 Ala. Rep. 679; Starkie's Ev. 1588, and Russ. Cr. 716; Lynes v. State, 5 Porter, 241.

3. The forthcoming bond offered by the coroner was competent evidence, though it may be faulty. The levy under the *fi. fa.* and taking a delivery bond will protect the officer from a summary proceeding against him. The remedy is by action on the case. [Gary v. McCown, 6 Ala. R. 370; Harper, et al. v. Patton, 1 Leigh, 306.]

4. The bond being returned was a matter of record, and the proof of its execution by the subscribing witness was not necessary. But from what appears on the record, it must be concluded that no question was raised as to its execution. An execution or indictment found on file proves itself. [Woodward v. Harbin, 1 Ala. 104; State v. Clarkson, 3 Ala. 378.]

S. F. RICE, for defendants in error, made the following points :

1. If an opportunity offers to levy an execution, and the officer neglects to levy, the debtor is thereafter at his risk. [Frost v. Dougald, 1 Day's Rep. 128, cited approvingly by this court, in Bell v. King, 8 Porter, 147 ; Beckford v. Montague, 2 Esp. Rep. 475 ; Hallett v. Lee, et al. 3 Ala. Rep. 28; The State v. Roberts, 7 Halsted's R. 114; Crenshaw v. Harrison, 8 Ala. Rep. 342.]

2. To constitute a levy upon personal property, the officer should take actual possession, or have the property within his view, and subjected to his control. [Beekman v. Lansing, 3 Wend. 446 ; Field v. Lawson, 5 Ark. R. 376 ; Collins v. Montgomery, 2 Nott & McCord, 392; Barnes, et al. v. Billington, et al, ; 1 Wash. C. C. Rep. 29.]

3. Although it is competent for an officer to defend a proceeding against him for not levying on the property of a third person, to show that the property belonged to another, yet that principle does not apply to an officer who fails to levy on the property of the defendant in execution, when he consents that a levy be made, That principle rests on the reason, that the law will not permit an officer to be made liable for

Gresham v. Walker.

merely omitting to commit a trespass ; and this reason does not apply where the owner of the property, having the privilege of holding the property exempt from levy and sale, consents to waive his privilege.   [Minter v. Bigelow & Co. 9 Por. Rep. 481; Mason, et al. v. Watts, 7 Ala. Rep. 703.]

4. If an officer endorses a levy on personal property, on a *fieri facias,* and does not take the property into his possession, nor take a forthcoming bond, he is liable for its value, unless it is produced on the day of sale.   [Mead, et al. v. Figh & Blue, 4 Ala. Rep. 279; Barnes, et al. v. Billington, et al. 1 Wash. C. C. Rep. 29; Campbell v. Spence, 4 Ala. Rep. 543, 551; Twombly v. Hunewell, 2 Greenl. Rep. 221; Cook & Lamkin v. Bloodgood, 7 Ala. Rep. 683.]

5. It is fair to infer every thing against an officer's return, which its departure from the statute will warrant.   [Blanton v. Jamison, 3 Missouri Rep. 52.]   And he cannot excuse himself from doing his duty, by a return showing that he has assumed a judicial power, or a private agency. [Baylor v. Scott, 2 Porter, 315; Fitzpatrick, Gov. v. Powell, at this term, by Judge Goldthwaite; Crenshaw v. Harrison, 8 Ala. 342.]

6. If the return of an officer *charges* him, and shows no *legal* matter of *discharge,* his liability is *conclusively* established.   [Barton v. Lockhart, 2 S. & P. 109; Baylor v. Scott, 2 Porter, 315; Price v. Cloud, 6 Ala. Rep. 248.]

7. The charges of the court were not erroneous, when viewed in connection *with the pleadings.*   There were *no special pleas* filed, and as soon as it was shown that the sheriff had not done his duty, by taking the property into his possession, the plaintiff was entitled to a verdict under the pleadings, for the full value of the property, or in this case for his whole debt, as well as the damages.   If an *excuse* is relied on, it must be *specially pleaded.*   [Hallett v. Lee, et al. 3 Ala. R. 28.]

8. Whenever slight variances between the process described in the notice, and that offered in evidence, are discovered or relied on, it is not error to refer it to the jury to solve the question of their identity.   [Johnson v. Gray, 6 Ala. Rep. 276 ; Griffin v. Ganaway, ib. 148; Anderson v. Rhea, 7 ib. 104; Chandler v. Shehan, ib. 251 ; Bell v. Pharr, et al. ib. 807.]

ORMOND, J.—The supposed variance, caused by the omission of a letter in the name of the defendant in execution, was immaterial. Usrey and Usury, are *idem sonans*.

The execution of a bond for the delivery of property levied on by a *fieri facias*, suspends all further proceedings under the writ, which should be returnad to the clerk's office, and if the property is not delivered for sale, an execution issues upon the forfeited bond, against the debtor and his sureties. The bond offered in evidence, does not purport to have been taken in this case. It is payable to the " Branch of the Bank of the State of Alabama," instead of the defendant in error, and does not describe the execution of the defendant in error, so as to identify it as a bond, for the forthcoming of property, levied on in this case, and was therefore properly rejected. Independant of this consideration, the coroner could only discharge himself, by a return upon the execution, that he had levied on certain property, which he had returned to the defendant, upon his executing a delivery bond. No such return having been made, the bond for the delivery of property was no answer to the suggestion.

It was competent for the defendant in execution, to permit a levy to be made on the articles exempt from levy and sale by execution, and until he asserts his right to claim the articles so levied on as privileged from sale, the sheriff must be bound as in any other levy. The defendant may, it is true, even after forfeiture of a forthcoming bond and execution issued thereon, assert his privilege, and refuse to deliver up the property, as was held at this term, in the case of Jordan v. Autrey ; but that is not the fact here. It does not appear that there has been any refusal to deliver this property, such refusal cannot be inferred from the mere fact that it was left in his possession, upon the execution of the informal bond offered in evidence. From the case as presented, the defendant must be considered as the bailee of the coroner, and to determine the consent which had been previously given to levy upon the property, a demand of it to be sold under the execution was necessary. The charge of the court on this point was therefore correct, and there being no error shown upon the record, the judgment must be affirmed.