# K. B. Koosa & Co. *v.* Warten.

*Damages to Goods from Leaky and Unsound Pipes.*

(Decided Jan. 14, 1909.   48 South. 544.)

1. *Trial; Remarks of Counsel.*—The remarks of counsel that the case on trial was unusual,—the execution of writ for inquiry to assess damages on a default judgment,—being true, were without injury.

2. *Landlord and Tenant; Injury to Goods; Damages.*—The difference in the market value of the goods just before and just after the

flooding, is the measure of damages in a suit by a tenant against a landlord, for negligent injury to goods by water.

3. *Same; Evidence.*—It is competent, as to value, to ask a witness the reasonable market value, in bulk, of the goods injured, prior to their injury.

4. *Same; Assessment of Damages; Instructions.*—The action being for damages for injury to goods by water leaking thereon, a charge asserting that the jury can assess as damages only such an amount as they are reasonably satisfied plaintiff suffered, that the burden of proof is on the plaintiff, and that he is entitled to recover only such damages as he has proven to their reasonable satisfaction, is proper.

5. *Appeal and Error; Scope of Review; Objections in Trial Court.* —Where specific objections are made to questions to a witness in the trial of the case, only those objections will be considered on appeal in passing on objections to evidence.

6. *Evidence; Opinion; Invading Jury Province.*—Where the questions of injury and negligence had been adjudicated by default judgment, on an inquiry to assess damages, the question "State in bulk the reasonable market value of the injured goods prior to their injury," does not invade the province of the jury.

7. *Trial; Depositions to Jury Room.*—It is within the discretion of the trial judge to allow or not allow depositions to be taken by the jury to their room.

8. *Same; Memoranda to Jury Room.*—An itemized list showing the value reasonably of 42 items of different grades of goods, before and after their injury, attached to a deposition, and admitted in evidence as an exhibit thereto should be allowed to go to the jury and be taken by them to their consultation room.

9. *Charge of Court; Misleading Instructions.*—The court will not be put in error for giving or refusing instructions merely misleading.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by K. B. Koosa & Co., against Henry Warten for damages. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

The bill of exceptions contains the following: "During the progress of the trial defendant's counsel remarked, in the presence and hearing of the jury, that he would have to pay any judgment assessed by the jury. Objection was sustained to this statement by the court, and the counsel remarked that this was a very unusual case, the contest upon hearing to assess damages upon a default judgment. Objection to this remark was made by

plaintiff's counsel, and the court was asked to withdraw same from the jury. Objection was overruled, and exception was duly taken and noted. The witness Craig testified that he had been employed in the dry goods business for six or seven years, had been city salesman for the Steele-Smith Dry Goods Company, and had made periodical visits to the plaintiffs' store immediately before the alleged damage and injury, and had at plaintiffs' request visited the store and examined the goods injured immediately after the injury." Plaintiffs' counsel requested the court to allow the jury to take out with them an itemized list, admitted in evidence as Exhibit 1 to deposition of witness J. B. Koosa, and identified by said witness as being in his handwriting and containing a true and correct statement setting out the reasonable market value of each of 42 items of various kinds of dry goods, both before and after their injury. The following charges were given for defendant: "(2) You can assess as damages in this case only such an amount as you are reasonably satisfied the plaintiffs suffered in fact; and the burden of proof is on the plaintiffs. (3) The plaintiffs are entitled to recover only such damages as the plaintiff have proven to your reasonable satisfaction."

FRANCIS M. LOWE, and CHARLES J. DAUGHERTY, for appellant. The court erred in permitting the argument of counsel to go to the jury.—*Florence C. & I. Co. v. Fields*, 104 Ala. 471; *Bir. Nat. Bank v. Bradley*, 116 Ala. 142; *Lyde v. The State*, 133 Ala. 63; *Pitts v. The State*, 140 Ala. 70. A non expert may give evidence as to value.—Sedgwick on Damages, p. 696. Market value at a given time and place is a matter of fact which may be proved like any other fact.—1 Sutherland on Damages, sec. 445; *Louisville J. C. Co. v. Lischkoff*, 109 Ala. 131; *R. R. Co.*

[K. B. Koosa & Co. v. Warten.]

*v. Watson*, 90 Ala. 34; *Am. A. O. E. Co. v. Ryan*, 112 Ala. 339; *Southern Ry. Co. v. Morris*, 143 Ala. 628. The witness who made part of the inventory can state the value of the stock as a whole.—*Sloss v. Inman*, 129 Ala. 424. Books and papers introduced in evidence may be taken to the jury room by them.—12 Ency P. & P. pp. 590-597; Sec. 3329, Code 1896. The jury may take out copies of accounts used by witnesses.—*Mooney v. Hugh*, 84 Ala. 80; *Foster, et al. v. Smith*, 104 Ala. 252. Counsel discuss given and refused charges, but without citation of authority.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. Before a witness can testify as to value, he must have acquaintance with the articles which are the subject of valuation.—*Winter v. Montgomery*, 79 Ala. 490; Wigmore on Evidence, parag. 72; *Cent. of Ga. Ry. Co. v. Barnett*, 44 South. 392; *Edisto Phosphate Co. v. Stanford*, 112 Ala. 493. The taking of depositions to the jury room is a matter of discretion.—81 Am. Dec. 672; 54 N. W. 152; 34 S. W. 1081; 119 Ill. 456; *Ackland v. Hickman*, 63 Ala. 494; *Baird L. Co. v. Devlin*, 124 Ala. 245. It does not appear what objections are made to allowing the jury to take the depositions and exhibits with them, and it will be presumed, if any effective ground of objection existed, that it was made.—*Postal Tel. Co. v. Husley*, 132 Ala. 444; *Campbell v. Bates*, 143 Ala. 343; *Mobile Co. v. Owens*, 121 Ala. 505; *Carwile v. Carwile*, 131 Ala. 603. The memoranda was properly excluded from the jury.—*Kelly v. The State*, 52 Ala. 361; *Hirschfelder v. Lery*, 69 Ala. 351; *Nelms v. Steiner Bros.*, 113 Ala. 572; *Smith v. The State*, 142 Ala. 14. Counsel dicuss assignments of error relative to charges, but without citation of authority.

DENSON, J.—This is an action by tenants against their landlord to recover damages resulting from water leaking or escaping from water pipes in an upper story and flooding plaintiffs' goods located in the lower story. The complaint counts on negligence on the part of the landlord in the use of defective and unsound pipes. There was judgment by default against the defendant, with a writ of inquiry. On the execution of the writ before the jury, questions were reserved to the rulings of the court on the admissibility of evidence and to the giving of charges for the defendant. These rulings and charges are by the plaintiffs now assigned as error.

The bill of exceptions contains these recitals: "Counsel for defendants said that this was a very unusual case, the contest upon hearing to assess damages upon a default judgment. Objection to said remark was made by counsel for the plaintiff, and the court was asked to withdraw the same from the jury. Objection was overruled, and exception was duly taken and noted." Passing by the indefiniteness of the manner in which the plaintiffs seek to present the question by the bill of exceptions, it occurs to the court that the statement, if of a fact, instead of a mere expression of opinion, is founded in truth, and that for this reason the court cannot be put in error on account of the ruling made. Moreover, we fail to see that any injury to the plaintiffs could have resulted from the statement.

The rule for the admeasurement of damages in this cause is the difference between the market value of the goods injured just prior to, and such value just after, the flooding. Witness J. W. Craig qualified himself to give testimony in regard to the value of the goods. He was asked by plaintiffs' counsel to "state in bulk the reasonable market value of the injured goods prior to their injury." The testimony sought by the question was competent, material, and relevant. These were the

[K. B. Koosa & Co. v. Warten.]

specific objections made to the question; and we can look to no other ground of objection, even if any exists. It is argued, however, that the question "involves" the province of the jury, and the case of *Cenctral of Georgia Railway Co. v. Barnett*, 151 Ala. 407, 44 South. 392, is cited as authority to support the argument. But that case is not in point. Here the fact of injury is not contested. That question was adjudicated against the defendant in the judgment by default. Furthermore, the question of injury is not presented by the objections. The court should have overruled the objections to the question, and it committed reversible error in not so doing.

In not allowing the depositions of Koosa to be taken out by the jury the court committed no error. This was a matter which rested in the discretion of the court.— *Smith's Case*, 142 Ala. 14, 27, 39 South. 329.

In refusing to permit Exhibit 1 to the deposition of Koosa to be taken by the jury as a memorandum the court committed reversible error.—*Foster v. Smith*, 104 Ala. 248, 252, 16 South. 61.

Koosa's testimony not being set out in the bill of exceptions, this court cannot say that the trial court erred in giving charge 1 requested by the defendant. Furthermore, the charge is, at most, only misleading in its first sentence; and this infirmity could have been remedied by an explainatory charge.

Charge 2 and 3 are unobjectionable, and were properly given.

For the errors pointed out, the judgment of the trial court in respect to the assessment of damages is reversed, and the cause is remanded for another trial to determine the plaintiffs' damages.

Reversed and remanded.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur.