[Sheppard v. Austin.]


# Sheppard *v*. Austin.

## *Libel and Slander.*

(Decided Feb. 5, 1909.   48 South. 696.)

1. *Evidence; Hearsay; Admissions.*—Plaintiff, in a suit for libel, testified, in answer to a question as to whether it had been reported to him that the defendant in the suit had been denouncing him as a liar, that he had an interview with defendant, and stated what he had heard that defendant had said about him, but did not tell defendant even substantially what he testified had been reported to him, as having been said by the defendant, and defendant repeated it to him.   Held, such testimony was prima facie hearsay and not rendered competent as an admission by the defendant under plaintiff's statement.

2. *Same; Reasons for Exclusion.*—Hearsay evidence is excluuded for the reason that the original statement, if correctly reported, is not under the safeguard of the personal responsibility of its author as to its truth, or the test of cross examination; and for the further reason of the probability of the introduction of falsehood and misrepresentation into a statement, either willfully or unintentionally, which probability is greatly multiplied in each repetition.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by C. W. Austin against F. G. Sheppard. Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

The libelous matter alleged in the complaint is that the defendant said of the plaintiff, falsely and maliciously, that on a certain day he swore a lie, that he swore falsely, etc.


CABANISS & BOWIE, for appellant.   The court erred in overruling defendant's objection to the questions propounded to plaintiff, and his answers thereto, in reference to what he had been told by different parties as to statements made by defendant.—*Brooklyn L. Ins. Co. v. Bledso*, 52 Ala. 538; *Salem N. P. Co. v. Caliga*, 144 Fed.

965, and authorities cited;*McDuff v. Journal Co.,* 22 Am. St. Rep. 673; 18 A. & E. Ency of Law, 1080; 25 Cyc. 492.

BOWMAN, HARSH & BEDDOW, for appellee. The court did not err in admitting the testimony complained of.— *Weir v. Allen,* 51 N. H. 177; *Patterson v. Fraser,* 93 S. W. 146; *Crane v. Darling,* 44 Atl. 359; *Smith v. Moore,* 52 Atl. 320.

DENSON, J.—This is an action for slander. There was testimony tending to show utterance by defendant of the slanderous words attributed to him in the complaint. The plaintiff, while testifying as a witness in his own behalf, was asked by his attorney this question ᐧ "I will ask you to tell the jury whether or not it had been reported to you, after that trial in the police court of Mr. Sheppard on account of a violation of the city ordinance, that he had been going about the city of Birmingham and to various and sundry people denouncing you as a liar." The court overruled the objection of the defendant that the question called for hearsay evidence, but limited the affirmative answer to the purpose of showing humiliation, and not to proof of offense at all." This ruling of the court is assigned for error, and is the only assignment discussed in brief of counsel for appellant.

The reasons for the rule excluding hearsay or derivative evidence are not difficult to discover, "for, apart from the circumstnces that the probabilities of falsehood and misrepresentation, either willful or unintentional, being introduced into a statement, are greatly multiplied every time it is repeated, there remains the further fact that the original statement, even if correctly reported, has scarcely ever been made under the safe-

guards of the personal responsibility of the author as to its truth, or the tests of a cross-examination as to its accuracy."—Rice on Ev. (Civ.) vol. 1, p. 367, § 212; Reynolds, Theory of Ev. §! 16, 17; 1 Greenl. (15th Ed.) § 99; 11 Am. & Eng. Ency. Law, 521; 16 Cyc. 1196; *Glover v. Millings,* 2 Stew. & P. (Ala.) 28, 43; *Brooklyn, etc., Co. v. Bledsoe,* 52 Ala. 538, 549; *Mima Queen v. Hepburn,* 11 U. S. 291, 3 L. Ed. 348; *Hereford v. Combs,* 126 Ala. 369, 380, 28 South. 582.

The question propounded and objected to supposes or implies that the statements or reports made to the plaintiff were made by a person not called as a witness, and that they are prima facie and really hearsay or derivative evidence, and therefore subject to that exclusionary rule of evidence, unless they fall within some recognized exception to the rule or are saved from exclusion upon another principle.—*Hereford v. Combs, supra.* The plaintiff, in connection with his offer to make the proof, stated to the court that he proposed to show that he went to the defendant to find out whether the report was true or not, "and it was repeated to him." If the plaintiff had stated to the defendant what he had heard, or what had been reported to him, and defendant had admitted it, the testimony admitted would have been relieved from hearsay rule.

While the plaintiff testified he did have an interview with the defendant, the majority of the court are of the opinion that his testimony as to what he "told" defendant in that interview is not even substantially what he testified had been reported to him, and, therefore, that defendant's response cannot be taken as an admission, nor operate to bring the evidence admitted, within any exception to the rule that hearsay evidence is inadmissible. Consequently they hold that the trial court committed reversible error in admitting the testimony. The

writer entertains the opinion that, in the interview between plaintiff and defendant, plaintiff's statement to defendant conformed substantially to his (plaintiff's) testimony, and that the jury might infer from the defendant's reply an admission that he had uttered the statements which plaintiff testified had been reported to him. Upon first impression we were of the opinion that the testimony objected to was admissible on the ground held good by the trial court; but after more mature reflection we have reached the conclusion that that theory is unsound, and that the case cited by appellee's counsel in support of it (*Patterson v. Frazer* [Tex. Civ. App.] 93 S. W. 146) is not in point, when the facts of that case are closely scrutinized.

It results, from the holding of the majority, that reversible error was committed by the court in admitting the testimony. The judgment must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL, SIMPSON, ANDERSON, and MAYFIELD, JJ., concur. DENSON, J., dissents.