(75 South. 184)

COPLON v. STATE. (6 Div. 159.)

(Court of Appeals of Alabama. April 3, 1917. Rehearing Denied May 15, 1917.)

1. RECEIVING STOLEN GOODS ⬡7(5)—INDICTMENT—OWNERSHIP OF PROPERTY—STATUTE.

Where property the subject of a crime, as receiving stolen property, belongs to a partnership, Code 1907, § 7140, authorizes the ownership to be laid by the indictment in one of the partners.

[Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. § 14.]

2. NAMES ⬡16(2)—IDEM SONANS.

The names "Hanlon" and "Hanlan" are idem sonans.

[Ed. Note.—For other cases, see Names, Cent. Dig. § 13.]

3. CRIMINAL LAW ⬡419, 420(11)—EVIDENCE —HEARSAY.

In prosecution for receiving stolen goods, testimony that report was made to a witness by an employé in his office that defendant had telephoned in witness' absence, and asked that some one be sent to defendant's store about goods he had purchased, to ascertain whether they were stolen or not, and evidence that the witness had in his employ a person who made reports to him regarding stealing "over town," was properly excluded as hearsay.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 980–983.]

**4. RECEIVING STOLEN GOODS ⊚∞8(2) — EVIDENCE—PREVIOUS OPPORTUNITY TO COMMIT CRIME.**

In a prosecution for receiving stolen goods, it was not permissible for defendant to show that on other similar occasions and under similar circumstances he did not buy or receive stolen goods to conceal them, but gave notice, and once prosecuted a person who sold him stolen goods, since he had the full benefit of such evidence in the presumption of his innocence, and his right to offer evidence of his previous good character.

[Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. § 15.]

**5. RECEIVING STOLEN GOODS ⊚∞8(2) — CHARACTER OF DEFENDANT—EVIDENCE.**

If defendant's previous conduct in the community where he had lived accorded with the presumption of innocence, and thereby he had established a good character, evidence of his good character was admissible to rebut the tendencies in the evidence that he had received stolen goods and concealed them with unlawful intent.

[Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. § 15.]

**6. CRIMINAL LAW ⊚∞858(3)—DELIBERATIONS OF JURY—TAKING WRITTEN SHOWING.**

It was within the discretion of the trial court to allow or not to allow the jury to take the written showing with them to their deliberations.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2058.]

Appeal from Criminal Court, Jefferson County; A. H. Alston, Judge.

Dave Coplon was convicted of buying, receiving, concealing, or aiding in concealing stolen property, and he appeals. Affirmed.

Roderick Beddow and Louis Berkowitz, both of Birmingham, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BROWN, P. J. The indictment charges that the defendant "did buy, receive, conceal, or aid in concealing [the property described in the indictment] the personal property of George B. Hanlon, knowing that it was stolen, and not having the intent to restore it to the owner." The evidence shows that the property found in the possession of the defendant was the property of Hanlan & Griffin, a partnership composed of George B. Hanlan and one Griffin; and by appropriate motion to exclude the evidence and special charge requested the defendant insisted there was a variance fatal to a conviction under this indictment.

[1] Where property the subject of crime belongs to a partnership, the statute authorizes the ownership to be laid ly in the indictment in one of the partners. Code 1907, § 7140; White v. State, 12 Ala. App. 160, 68 South. 521; Smith v. State, 133 Ala. 145, 31 South. 806, 91 Am. St. Rep. 21.

[2] The names "Hanlon" and "Hanlan" may be sounded alike, "without doing violence to the power of the letters found in the varient orthography," and are idem sonans. Ford v. State, 129 Ala. 16, 30 South. 27; Ward v. State, 28 Ala. 53; Gresham v. Walk-er, 10 Ala. 370; Weyms v. State, 13 Ala. App. 297, 69 South. 310; Oliveri v. State, 13 Ala. App. 348, 69 South. 359.

[3] It would have violated the rule excluding hearsay to have allowed the defendant to show by the witness Scarlett that a report was made to witness by an employé in his office that the defendant had called over the telephone in witness' absence and asked that some one be sent to defendant's store about goods he had purchased, to ascertain whether they were stolen goods or not. Sheppard v. Austin, 159 Ala. 361, 48 South. 696; Donaldson v. Roberson, 73 South. 223.[1] On like grounds the evidence that the witness had in his employ one Payne, who made reports to him regarding stealing "over town" was properly excluded.

[4] It was not permissible for the defendant to show that on other occasions and under circumstances similar to those surrounding him on the occasion of the alleged crime he did not buy or receive stolen goods with the purpose of concealing them, but that he gave notice; and once he prosecuted a person who sold him stolen goods. He had the full benefit of all such evidence in the presumption of his innocence and his right, if he desired, to offer evidence of his previous good character.

[5] The presumption of innocence with which the law clothes the citizen is founded upon the theory that men ordinarily do not violate the law, but act uprightly and in obedience to law. Underhill, Crim. Evidence, § 17. If the defendant's previous conduct in the community where he has lived accorded with this presumption, and thereby he had established a good character, evidence of his good character was admissible to rebut the tendencies in the evidence that he had received the goods in question and concealed them with unlawful intent. Way v. State, 155 Ala. 52, 46 South. 273; Underhill, Crim. Evidence, § 76.

[6] Under the rulings of the Supreme Court, it was within the discretion of the court to allow or not to allow the jury to take the written showing with them to their deliberations. Smith v. State, 142 Ala. 14, 39 South. 329; K. B. Koosa & Co. v. Warten, 158 Ala. 496, 48 South. 544.

The case was properly submitted to the jury, and we find nothing in the refused charges to warrant further discussion.

Affirmed.