(133 So. 918)

## MAUGHAN v. STATE.

### 4 Div. 780.

Court of Appeals of Alabama.
April 14, 1931.

Marcus J. Fletcher, of Andalusia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

█ Demurrer was properly sustained to appellant's plea of "misnomer," setting forth that his name was "Maughon," and not "Maughan." We are not sure that we know how to pronounce either name, but we are sure that anybody would give each of them the same pronunciation. Where two proper names, as ordinarily pronounced, sound alike, a difference in their spelling is immaterial. Weyms v. State, 13 Ala. App. 297, 69 So. 310; Coplon v. State, 16 Ala. App. 39, 75 So. 184.

█ To establish the crime, under section 4912 of the Code (of 1923), of which appellant was convicted, it was necessary to show: (1) That the property alleged to have been bought, received, or concealed by defendant (appellant) was in fact stolen property; (2) that defendant (appellant) either bought it, received it, concealed it, or aided in concealing it; (3) that he did so knowing at the time he either bought it, received it, concealed it, or aided in concealing it that it

---

1 Ante, p. 235.

was stolen; (4) and that he did not have the intent to restore it to the owner. Fulton v. State, 8 Ala. App. 257, 62 So. 959, and authorities therein cited.

We have carefully studied the evidence in this record. The first of the above-listed constituent elements of the offense is amply made out by it.

But we find an entire absence of evidence to support the last three of the said elements, the third and fourth naturally being without such support because of the failure of the second to have any evidence to sustain it.

■ The mere fact, as was indicated by the evidence, that defendant (appellant) was apprehended, several miles from his home, in company with the thief who admitted stealing the goods in question, as the two of them, with another, approached the place where said goods were concealed in the woods, the defendant (appellant) remarking, as they came up to the said goods, "Here is another grocery store down here," is not, we think, any evidence that he either "bought, received, concealed, or aided in concealing" the stolen property.

The general affirmative charge in his favor, duly requested, should have been given, and, for the error in its refusal, the judgment is reversed, and the cause remanded.

Reversed and remanded.