# Stiff v. Cobb, et al.

### Action of Ejectment.

126   381
d144 520

1. *Adverse possession; can not exist as between husband and wife.*—Possession to be adverse must be exclusive; and, therefore, there can not be adverse possession as between a husband and wife while residing together on the same tract of land.

2. *Same; there must exist intention to occupy adversely.*—The mere possession of land will not constitute adverse possession; but it is necessary that the possession should be accompanied with the intent to claim and have ownership in the property so held.

3. *Ejectment; admissibility of evidence.*—In an action of ejectment, on an issue of adverse possession, it is competent to show by whom the purchase money for the land was paid; such testimony tending to show the intent on the part of the person making the payment, to claim the property as his own during his possession thereof.

[Stiff v. Cobb *et al.*]

4. *Same; same.*—In an action of ejectment, where the plaintiff claims as the heir of his father, who died many years before the institution of the suit, and his evidence tends to show that he has been in possession thereof for more than ten years, and the defendant claims under the widow of the plaintiff's father, and there is testimony introduced tending to show that she claimed the property as her own and occupied it with the plaintiff for many years after her husband's death, her testimony that she paid for the land out of her own money, is not subject to the objection that it related to a transaction with her deceased husband.

5. *Same; same.*—In an action of ejectment, where there is an issue as to whether or not the vendor of the defendant had acquired title by adverse possession, facts tending to show that the defendant's vendor, prior to the sale to him, sold other portions of the tract of land of which the lot sued for was a part, and had mortgaged the lot sued for prior to said sale, are admissible as tending to show a claim of ownership of said property; and, therefore, the deeds and mortgage so executed by such vendor are admissible in evidence.

6. *Same; same.*—In such a case, it is permissible, in the examination of a witness, to inquire as to how the vendor of the defendant held or occupied the lot sued for, such question calling for a descriptive fact as to the nature of the possession, rather than for a conclusion or opinion as to the adverse character of the claim.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JAMES A. BILBRO.

This was a statutory action of ejectment, brought by the appellant, W. C. Stiff, against the appellees, W. A. Cobb and his wife, Mattie A. Cobb, for a certain lot specifically described in the complaint. Cause was tried upon issue joined upon the plea of the general issue.

The evidence of the plaintiff tended to show that he was the heir of L. M. Stiff, who died in February, 1866; that L. M. Stiff, at the time of his death, resided on a tract of land which included the lot in controversy, with his wife and his two children, the plaintiff and his sister; that L. M. Stiff obtained the lot sued for from one Cole, Cole trading to him the lot in suit for a tract of land which L. M. Stiff purchased from McElrath; that after the exchange of the separate tracts of land between L. M. Stiff and said Henry Cole, L. M. Stiff and

his wife entered upon the land sued, for, and Cole went into possession of the tract of land obtained from said Stiff.

The plaintiff, as a witness in his own behalf, testified that he had seen a paper writing from Henry Cole to his father, L. M. Cole, but after making diligent search among his father's papers and looking carefully for said deed from Cole to his father, he was unable to find it. This witness further testified that after his father's death, he and his mother and sister lived on the place together; that he paid the taxes on the place until 1890, and exercised acts of ownership over it, rented it out, and placed thereon various improvements. The plaintiff introduced in evidence the deed from McElrath and his wife to L. M. Stiff.

The evidence for the defendant tended to show that the property sued for was the property of Mrs. Jane H. Stiff, the wife of L. M. Stiff, and that when she and her husband lived on it it was recognized by them as her property, and that she had always claimed it as hers. The defendants introduced in evidence a deed from said Jane H. Stiff and her daughter conveying said property to the defendant, Mrs. Mattie Cobb. This deed was executed on March 17, 1897. There was evidence introduced tending to show that Mrs. Jane H. Stiff claimed the property as hers, and exercised acts of ownership over it from the time of her husband's death up to the time of the sale of the property.

Interrogatories were propounded to Mrs. Jane Stiff. Among the interrogatories, after asking how long had she resided on the land, she was asked the following question: "How did you hold or occupy said lots, and for how long a period did you occupy them?" The plaintiff objected to this question, because it called for the conclusion of the witness, and asked for irrelevant and immaterial evidence. The court overruled the objection, and the plaintiff duly excepted. The witness answered that she had resided on the lots 41 years, and that she held them as her property during said period. The witness was then asked the following question: "If any other person ever claimed said lands sued for, who it was, when it was was, and what was the nature of such

claim?" To this interrogatory the plaintiff objected, on the ground that it called for irrelevant and hearsay testimony. The court overruled the objection, and the plaintiff duly excepted. The witness answered that no one ever claimed said property during the time she held or occupied it. Upon being asked as to how the purchase money for said lands was paid, and whose money paid for said lands, the plaintiff objected to such interrogatory upon the ground that it called for irrelevant testimony, and it called for transactions with, or statements by the husband of the witness, who was dead. The court overruled the objection, and the plaintiff duly excepted. The witness answered that the lands inquired about were purchased before the death of her husband and paid for with money belonging to her.

The defendant's evidence further showed that the lot sued for was a part of a larger tract of land, and that the other portions of said tract had been sold by Jane H. Stiff to other parties than the defendant. The defendant introduced in evidence the deed to said several purchasers of all of the original tract of land. The plaintiff duly objected to the introduction in evidence of each of these deeds, and duly excepted to the court's overruling their objection. The defendant also offered in evidence a mortgage which had been executed by Jane H. Stiff on the lot in suit, which had been paid. The plaintiff objected to the introduction of this mortgage in evidence, and duly excepted to the court overruling his objection.

Upon the introduction of all the evidence, the court at the request of the defendants, gave to the jury the following written charges, to the giving of each of which the plaintiff separately excepted : (1.) "If the jury are satisfied from the whole evidence that this property was originally paid for with the money of Jane Stiff, or that the property for which the property in controversy was exchanged was so paid for, this may be looked to by the jury in connection with all the other evidence determining the nature of the possession alleged to be held by said Jane H. Stiff." (2.) "If the jury find from the testimony that the possession of the property sued

[Stiff v. Cobb *et al.*]

for has been open, notorious, adverse and exclusive in Jane H. Stiff, and those to whom she sold, for ten years next before the commencement of the present suit, they must find for defendants." (3.) "The jury may look to the fact in evidence that Jane H. Stiff has in the past made conveyances of parts of block 'G' for the purpose of explaining in connection with the other evidence the nature of her claim to the property sued for." (4.) "The court charges the jury that the plaintiff in this case must rely upon the strength of his own title, and not upon the weakness of defendant's title, and if the plaintiff has failed to show a complete right to recover on the strength of his own title, then he can not recover even though the defendant has failed to make out a complete title." (5.) "The court charges the jury that if they find from the evidence that Mrs. Jane H. Stiff has held exclusive, open and adverse possession of the lands in controversy, claiming them as her own, since 1882, then she acquired a complete title, and the plaintiff can not recover in this cause." (6.) "The court charges the jury that if they find from the evidence in this case that Mrs. Jane H. Stiff and these defendants together have held the lands in controversy openly, notoriously and adversely and exclusively under a claim of title from the year 1882, then the defendants have a good title, and the plaintiff can not recover."

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

BURNETT & CULLI, for appellant. cited *Doe v. Clayton*, 73 Ala. 359; *Ala. State Land Co. v. Beck*, 108 Ala. 71; *Hollingsworth v. Walker*, 98 Ala. 543; *Murray v. Hoyle*, 92 Ala. 559; *Lehman v. Kelly*, 68 Ala. 192.

No counsel marked as appearing for appellee.

SHARPE, J.—The lot in suit is a part of a block in the town of Centre, on which the plaintiff's parents, M. L. Stiff and his wife, Jane Stiff, resided together for about ten years next before and at the time of Mr.

Stiff's death, which occurred in 1867. The title is not shown to have been in either the husband or wife other than such as could have been acquired by possession and claim of ownership. There is evidence tending to show that the block in question was obtained from one Cole in exchange for lands in the country to which Mr. Stiff had a deed from one McElrath; but though the plaintiff testified on the trial that he had seen a paper writing from Cole to his father, which was probably lost or destroyed, there was no attempt to show the contents of the writing. The plaintiff claims title as the heir of his father, and the defendant, Mattie Cobb, in whose right her husband, the other defendant, rests his defense, claims by a deed from plaintiff's mother, containing terms which by the statute are made to import a warranty of title. Mrs. Cobb's deed was made in 1897, and her possession and claim thereunder linked by this deed to an asserted previous adverse possession in Mrs. Stiff, constitutes the claim of title upon which the defendants rely.

It is axiomatic that a plaintiff in ejectment must establish title in himself and cannot recover on a weakness of title in the defendant. In order to show title passing to him by descent in the absence of documentary title in his father, it was incumbent on the plaintiff to prove that his father had acquired title by adverse possession of the land during the period of ten years, which, under the statute, would have barred an action for their recovery. Of this there was evidence introduced on the trial, but without objection to her competency on this point, Mrs. Stiff testified that the property was held as hers for about forty years, which covered the period during which it was resided on by her and her husband; and thus a conflict of evidence was produced as to whether the possession was in her or was held in right of her husband.

Possession to be adverse must be exclusive, and, therefore, two persons cannot hold the same property adversely to each other at the same time, and for the additional reason furnished by the common law unity of coverture, Mr. and Mrs. Stiff could not have held adversely to each other.—*Gafford v. Strauss*, 89 Ala. 283;

[Stiff v. Cobb *et al.*]

*Bell v. Bell*, 37 Ala. 536; 1 Am. & Eng. Encyc. Law, 820. If either had owned the legal title, the law would have referred the joint occupancy to the right of such owner; but in the absence of title in either it was possible for an adverse possession to have been established in either. If such posession was in M. L. Stiff, and had ripened into a title at the time of his death, the widow, if entitled to dower, was entitled to hold possession until dower was assigned her.—Code, § 1515. If her possession originated in her quarantine rights the fact that she rented out the place for some years did not work an abandonment of those rights.—*Inge v. Murphy*, 14 Ala. 289; *Oakley v. Oakley*, 30 Ala. 131. Possession so held by the widow is in subordination to the title of the heir; and however long continued no hostile claim of ownership will make it adverse to the heir, for possession can only be adverse against one who is in condition to dispute it.—*Robinson v. Allison*, 124 Ala. 325; s. c. 97 Ala. 596. If such was the character of his mother's possession, and if dower was never assigned, the plaintiff could have maintained no suit against her for possession until she sold the land, but that event gave him the right to sue her alienee.—*Wallace v. Hall*, 19 Ala. 367; 2 Scribner on Dower, 59.

Whether the plaintiff's father held and acquired title by adverse possession of the land, was in view of the conflict in evidence, a question for the jury to determine.

An essential element of adverse possession is the existence of an intent accompanying the possession, to claim and have ownership in the property held.—*Alexander v. Wheeler*, 69 Ala. 332, s. c. 78 Ala. 167. As a circumstance tending to prove such intent on the part of Mrs. Stiff during her possession of the lot in suit, it was competent to show in her an equitable claim arising from an investment of her money in the property for which the lot in question was taken in exchange. The inquiry as to whether Mrs. Stiff's money paid for the land does not directly call for evidence of a transaction with her husband, since deceased, and it must have done so in order to make it objectionable under section 1794 of the Code.—*Gamble v. Whitehead*, 94 Ala. 335;

[Stiff v. Cobb *et al.*]

*Wood v. Brewer,* 73 Ala. 259; *Tisdale v. Maxwell,* 58 Ala. 40. *Non constat* the answer would have relation to a payment of which the decedent never had knowledge, and about which he could not have testified if he had lived.

The sale by Mrs. Stiff of a part of the single connected block of land at a time when she was in actual possession of the whole was an act of ownership which, as a question of fact, might well have been found referable to every part of the block. Likewise mortgaging the land in suit was an act of ownership proper to be looked to in determining the character of Mrs. Stiff's claim. For that purpose the deed and mortgage objected to, both of which antedated Mrs. Cobb's purchase, were properly allowed to go to the jury.

The interrogatory to witnesses as to how Mrs. Stiff held or occupied the lot called for a descriptive fact as to nature of her occupation rather than for a conclusion as to the adverse character of her claim. Whether answers to the question irresponsively involved such conclusion it is unnecessary to consider, for only the question was objected to.

The absence of any claim to the property on the part of others, including the plaintiff, if a fact was one bearing legitimately on the inquiry as to whether Mrs. Stiff's occupation was subject to that of her husband during his lifetime, or if not, whether she thereafter consented to hold under the heirs according to the plaintiff's contention.

Whether W. A. Cobb had notice of plaintiff's claim before it was bought by Mrs. Cobb or before it was improved was immaterial to the question of title, and if relevant upon any claim by defendant for improvements, such latter question was eliminated by the finding in favor of the defendants upon the main issue.

What has been said of evidence will show there was no error in giving charges 1 and 3.

In each of the remaining charges, the propositions stated are correct.

Let the judgment be affirmed.