# Suit *v.* Republic Iron & Steel Co.

## *Ejectment.*

(Decided May 11, 1911. 55 South. 639.)

1. *Adverse Possession; Tacking; Possession of Predecessor.*—To establish title by adverse possession the occupancy by defendant's predecessor in title under a claim of ownership may be tacked to the term of the defendant's occupancy.

2. *Same; Claim of Ownership.*—Where a prior occupant of certain land in controversy filed and recorded a plat thereof under the provisions of section 3899 and 3900, Code 1907, such plat was evidence of a claim of ownership on his part in support of title by adverse possession.

3. *Same; Evidence.*—Where defendant claimed by adverse possession and offered to prove a plat filed by her predecessor of land described as the "Wade tract," evidence that the land in controversy was a part of the "Wade tract" was admissible.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Ejectment by the Republic Iron & Steel Company against Tinie H. Suit. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BOWMAN, HARSH & BEDDOW, for appellant. Where there is a conflict in the evidence on a material issue, the affirmative charge should never be given.—*Mouton v. L. & N.*, 128 Ala. 549; *McCormack v. Lowe*, 151 Ala. 311. The plat of the land was admissible in evidence.—*Stiff v. Cobb*, 126 Ala. 388; *Baron v. Baron*, 122 Ala. 196; *McCrary v. Jackson L. Co.*, 148 Ala. 252; *Driver v. King*, 145 Ala. 585; *Theodore L. Co. v. Lyon*, 41 South. 683. Where possession is shown to have existed at one time, it is presumed to be continuous.—*Hollingsworth v. Walker*, 98 Ala. 542. Counsel discuss other assignments, but without citation of authority.

PERCY, BENNERS & BURR, for appellee. The acts attempted to be shown by the defendant do not constitute adverse possession.—*Stevenson v. Anderson*, 87 Ala. 228; 2 Cyc. 379; 61 N. Y. 70; *Taylor v. Fomby*, 116 Ala. 626; *Barnett v. Kelly*, 131 Ala. 378; *Bernstein v. Humes*, 75 Ala. 244. Counsel for appellant has overlooked the provisions of section 2830, Code 1907.

McCLELLAN, J.—Ejectment by appellee against appellant. The defense was adverse possession. The asserted individual possession of the defendant was for a period short by less than 30 days of 10 years before the action was instituted. She would piece out the period to 10 years or more, to effect the bar, by recourse to the possession of the Walker Land Company.

There is, in the bill, evidence tending to show that the Walker Land Company (omitting consideration at this time of the relation, as to possession, William A. Walker, Sr., bore to the angular area in controversy before the Walker Land Company was organized) was in the adverse possession of the territory in dispute for a period sufficient, when tacked to that some of the evi-

dence tended to show defendant had been in adverse possession of this land, to effect, if credited by the jury, the bar of the plaintiff's right to recover.

On May 22, 1898, the Walker Land Company, through its president, filed in the probate office of Jefferson county a map or plat of its "Wade tract," conformable to the statutes then in force (Code, § 3899 et seq.), whereon the area in dispute was shown as a part of the property of the Walker Land Company. If there might otherwise be doubt whether this platting tended to show a *claim of ownership* by that company of the territory in controversy, there cannot be when reference is had to the statute (Code, § 3900), wherein it is provided that a plat or map made in accordance with this statutory system "may be used in evidence as to the same extent and with like effect as in the case of deeds." It is well settled with us that a conveyance of land by the adverse occupant is evidence of *claim of ownership.—Barron v. Barron*, 122 Ala. 194, 25 South. 55; *Stiff v. Malone*, 126 Ala. 381, 28 South. 402, 85 Am. St. Rep. 38; *Abbett v. Page*, 92 Ala. 571, 9 South. 332. In consequence, the court erred in giving to the jury the affirmative charge for the plaintiff.

The opinion is also entertained that the defendant should have been permitted to offer evidence, if such she had, tending to show that the area in dispute was a part of the "Wade tract."

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

SIMPSON, MAYFIELD and SOMERVILLE, JJ., concur.