# Donaldson *v.* Roberson.

### Libel and Slander.

(Decided November 28, 1916. 73 South. 223.)

1. **Libel and Slander; Complaint.**—Where the complaint substantially follows the form prescribed by the Code, it was sufficient, and not subject to demurrer.

2. **Same; Privilege; Statute.**—Under § 5331, Code 1907, the defense that the alleged slanderous matter was privileged, was not available unless specially pleaded.

[Donaldson v. Roberson.]

3. **Appeal and Error; Harmless Error; Pleading.**—Where, under his special plea, defendant had the full benefit of his defense of privilege, erroneous rulings on dmurrers to other pleas setting up such defense, were without injury to defendant.

4. **Libel and Slander; Privilege.**—A defamatory statement made in social or business intercourse, not in discharge of a duty to the public generally, is not privileged unless made in good faith and without malice, although all other elements occur to render it privileged.

5. **Same; Evidence.**—In such an action plaintiff's testimony that she had heard a report as emanating from defendant that defendant had told certain things about her, was hearsay, and inadmissible to show special damages from mental distress.

6. **Same; Actionable per se; Presumption.**—Where the slanderous words are actionable per se, the law presumes damages and plaintiff may rely on that presumption, and is not required to prove special damages.

7. **Same; Repetition; Liability.**—Although defendant uttered and originally published the alleged slander, he is not liable for damages occasioned by its repetition and communication to plaintiff, if he was not responsible for its repetition.

8. **Same.**—In an action for slander based upon the facts in this case, defendant's financial standing was not competent in evidence.

APPEAL from Winston Circuit Court.

Heard before Hon. J. J. CURTIS.

Action for slander by Mrs. Susan Roberson against Jeff Donaldson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The amended counts were as follows:

(1) Plaintiff claims of defendant * * * for falsely and maliciously charging the plaintiff with being immoral, by speaking of and concerning her in the presence of divers persons, in substance as follows: "Will Sisson is keeping Mrs. Roberson and having intercourse with her. My father (J. G. Donaldson) I don't think is having anything to do with her, but he will get at it if she moves to his house"—about or during the month of January, 1915. (3) Same as 1, except it adds a claim for mental pain and worry. (4) Same as 1, except it uses the expression "unchaste," instead of "immoral."

Plea 2 was as follows:

Defendant says that whatever communication he made concerning the plaintiff was privileged; that the plaintiff is his relative—the widow of his deceased brother and the mother of the children of his deceased brother—and that any communication that he made concerning her was made in good faith and without malice, and was upon a subject-matter in which he felt and had

[Donaldson v. Roberson.]

an interest or in reference to which he had a duty, social or moral, and was made to person or persons who felt and had a corresponding interest or duty.

R. L. BLANTON, and TRAVIS WILLIAMS, for appellant. W. L. CHENAULT, and CHESTER TUBB, for appellee.

BROWN, J.— (1) The first, third, and fourth counts of the complaint as amended, and on which the case was tried, substantially follow the Code form for actions of slander, and the demurrers to these counts were properly overruled.—*Penry v. Dozier*, 161 Ala. 292, 49 South. 909; Code 1907, § 5382, form 16.

(2-4) Under our statute, which provides: "The defendant may plead more pleas than one without unnecessary repetition; and, if he does not rely solely on a denial of the plaintiff's cause of action, must plead specially the matter of defense," etc. (Code 1907, § 5331) the defense that the alleged slanderous matter was privileged was not available unless specially pleaded.—*Petty v. Dill*, 53 Ala. 64; *Daniel v. Hardwick*, 88 Ala. 559, 7 South. 188; *American Oak Extract Co. v. Ryan*, 112 Ala. 347, 20 South. 644; *Jones v. Peebles*, 130 Ala. 273, 30 South. 564; 25 Cyc. 458. The court, no doubt on the theory that the alleged slanderous communication was qualifiedly privileged, overruled the plaintiff's demurrers to the defendant's special plea 2 (25 Cyc. 393, 394), and under this plea the defendant had the full benefit of this defense; and the rulings on the demurrers, if error, were without injury.—*L. & N. R. R. Co. v. York*, 128 Ala. 305, 30 South. 676; *Meyer Bros. Drug Co. v. Puckett*, 139 Ala. 331, 35 South. 1019. The demurrers, however, were properly sustained. A defamatory statement made in social or business intercourse, not in discharge of a duty to the public generally, though all other elements concur to render it privileged, is not privileged unless it is made in good faith and without malice.—25 Cyc. 385, 393, 394; *Easley v. Moss*, 9 Ala. 266; *Stallings v. Newman*, 26 Ala. 300, 62 Am. Dec. 723; *Cooper v. Phipps*, 24 Or. 357, 33 Pac. 985, 22 L. R. A. 836, and note; *Shurtleff v. Stevens*, 51 Vt. 501, 31 Am. Rep. 698, and note 708-715.

(5-7) The plaintiff, while testifying as a witness, was asked to state whether or not she had heard a report, as emanating from the defendant, that he (defendant) had told that one Sisson was keeping her, and over a timely and appropriate objec-

tion, was allowed to answer in the affirmative. In this there was reversible error.—*Sheppard v. Austin*, 159 Ala. 361, 48 South. 696; *Stiff v. Cobb*, 126 Ala. 381, 28 South. 402, 85 Am. St. Rep. 38; 13 Am. & Eng. Ency. Law (1st Ed.) 374. The theory on which this evidence was admitted was to show special damages from mental distress and it is not admissible for this purpose, as the law presumes damages where the slanderous words are actionable per se, and the plaintiff has the right to rely on this presumption, and is not required to prove special damages.—25 Cyc. 490. And even if it be conceded that the evidence would tend to show mental distress, it also has the vicious tendency to establish the plaintiff's case on mere rumor—a flying report, traceable to no known or responsible source.—*Haley v. State*, 63 Ala. 83. Otherwise stated, although the defendant uttered and originally published the alleged slander, if he was not responsible for its repetition and communication to the plaintiff, he would not be liable for damages thus occasioned.—*Stiff v. Cobb, supra; Clarkson v. McCarty*, 5 Blackf. (Ind.) 574; *Cates v. Kellogg*, 9 Ind. 506; *Shurtleff v. Parker*, 130 Mass. 293, 39 Am. Rep. 454; *Fowles v. Brown*, 30 N. Y. 20; *Cochran v. Butterfield*, 18 N. H. 115, 45 Am. Dec. 363; *Harrison v. Pierce*, 1 F. & F. 567.

(8) The plaintiff was also allowed, over the objection of the defendant, to introduce evidence of the financial standing of the defendant. While some courts have held that such evidence is admissible in actions for slander and like actions where punitive damages may be assessed, it is settled in this state that such evidence is not admissible.—*Ware v. Cartledge*, 24 Ala. 622, 60 Am. Dec. 489; *Southern Car & Foundry Co. v. Adams*, 131 Ala. 147, 32 South. 503; *Long v. Speigel*, 177 Ala. 338, 58 South. 380; *Pool v. Devers*, 30 Ala. 672.

We have examined the other rulings on the admission and exclusion of evidence, and find no error therein.

For the errors pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.