This is a slander case.
Thomas Ritch and Donnie Dobbs are police officers for the city of Hamilton. On October 23, 1980 Ritch and Dobbs arrested Jerry Lewis for speeding and driving while intoxicated. Lewis was driving a pickup truck at the time of the arrest.
After being placed under arrest, Lewis was placed in the police car. Dobbs was driving the police car. Ritch drove Lewis's pickup truck. Upon arriving at the Marion County jail, Ritch parked and locked Lewis's truck. Lewis was booked and placed in jail.
Lewis's wife, Marcelle, came to the jail upon learning of her husband's arrest. At that time she was told her husband could not be released until he sobered up. She asked whether she could bring him some medication and was told that she could. She also stated that her husband had had a large amount of money in his possession when he left work.
Upon returning with her husband's medication, Marcelle asked to search the truck for her husband's money. In the truck she found a leather folder, but the money was not there. Both Ritch and Dobbs testified that she accused Ritch of taking the money out of the truck.
Lewis was released from jail the next morning. Marcelle stopped payment on the checks which were missing. Marcelle then called Murray Ballard, the mayor of Hamilton, and Willard Frye, the chief of police, requesting an investigation regarding the missing money. Both Frye and Ballard testified that Marcelle accused Ritch of taking the money. She denied this. Later, the investigation against Ritch was dropped when Lewis declined to take a polygraph test.
Ritch filed suit against Marcelle Lewis and Jerry Lewis for slander on December 19, 1980. A jury trial was held on December 16, 1981. The jury found in favor of Ritch against Marcelle Lewis. They awarded Ritch $5,000 as compensatory damages and $5,000 as punitive damages. Marcelle filed a motion for j.n.o.v. or in the alternative a new trial. These motions were denied, and as a result, Marcelle appeals to this court.
The only issue presented on appeal is whether the evidence is sufficient to support the verdict. We find no error and affirm the judgment.
Jury verdicts are presumed correct and will not be reversed on appeal unless clearly wrong or unjust. Floyd v. HeadlandNational Bank, 406 So.2d 424 (Ala.Civ.App. 1981). The correctness of a jury verdict is strengthened by the refusal of the trial court to grant a new trial. Mobile Home Brokers, Inc.v. Clark, 346 So.2d 1156 (Ala.Civ.App. 1977).
Marcelle admits that if the jury found that she spoke the words alleged in the complaint then she has committed slander per se. Slander to be actionable per se must impute an indictable offense involving infamy or moral turpitude. Marionv. Davis, 217 Ala. 16, 114 So. 357 (1927). Words *Page 212 
which impute larceny are slanderous per se. Phillips v.Bradshaw, 167 Ala. 199, 52 So. 662 (1910). Damage is implied by law from the speaking of words which are slanderous per se.Donaldson v. Roberson, 15 Ala. App. 354, 73 So. 223 (1916).
In the present case the evidence is overwhelming that Marcelle spoke the alleged slanderous words. These words certainly imputed that Ritch had committed larceny, and as a result are slanderous per se. Therefore damages are presumed, and certainly the jury's award of compensatory damages in this case is supported by the evidence.
Marcelle's main argument is that there is no basis for an award of punitive damages. Punitive damages may be awarded in a slander case where malice is proved to the reasonable satisfaction of the jury. See Johnson Publishing Co. v. Davis,271 Ala. 474, 124 So.2d 441 (1960). The jury was instructed that the slander was malicious if it was made with knowledge that it was false or with reckless disregard of whether it was false. Malice, actual or expressed, may be shown by evidence of hostility, rivalry, the violence of the language, the mode and extent of publication, and prior information regarding its falsity. Johnson Publishing Co., supra.
We cannot find that the jury erred in awarding punitive damages. There is a great deal of evidence from which the jury could have determined that the slander was made maliciously. There is evidence that Marcelle made her statements in loud and angry tones. She also published the slander to several people. The jury clearly could have concluded that her actions amounted to a showing of malice as defined for the jury. Considering our scope of review, we cannot find error in the jury's verdict.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.