Philip B. Ahn and Sunshine Investments, Inc., d/b/a Economy Inn, appeal from judgments entered on jury verdicts awarding Debra Ann Brooks ("Debra Ann") and Robert Edison Brooks ("Robert") a total of $43,317.53 in damages and attorney fees. Debra Ann and Robert, wife and husband, are former employees of an Economy Inn owned by Sunshine Investments. Robert recovered against Sunshine Investments on his claim alleging failure to pay overtime; Debra Ann recovered against Sunshine Investments on her claims alleging failure to pay overtime and alleging wrongful termination, as defined under 29 U.S.C. § 215(a)(3), which prohibits termination of employees for making complaints about failure to pay overtime; and Debra Ann recovered against Ahn for defamation. This appeal presents only the sufficiency *Page 409 
of the evidence on the defamation and wrongful termination claims.
Ahn is the sole owner of Sunshine Investments. In the early part of 1991, Debra Ann began working as a desk clerk at an Economy Inn owned by Sunshine Investments. She was paid for her work at the rate of $4.50 an hour. She continued to work as a desk clerk until April 1991, when she was made an assistant manager. She testified that although she took the managerial position, Sunshine Investments continued to pay her on an hourly basis. She testified that although she sometimes worked over 40 hours per week, she was never paid overtime.
Robert originally began working at the same Economy Inn as a part-time maintenance helper in April 1991. In June 1991, Robert entered into a contract with Sunshine Investments whereby he agreed to become a full-time maintenance helper. Ahn agreed in the contract to pay Robert $258.00 every two weeks. He also agreed to allow Robert and Debra Ann to live in an apartment in the motel rent-free. Robert testified that he later became the manager of the motel.
In June 1991, Debra Ann reported a robbery at the Economy Inn that she said occurred while she was working at the front desk. Debra Ann said that a man came in, stabbed her in the stomach, and took money from the cash register. She did not receive medical attention after the incident. Robert testified that Ahn deducted from his pay the amount of money that was allegedly taken during the robbery. Robert also testified that Ahn told him he thought Debra Ann had staged the robbery herself.
Robert Lee Anderson testified that he worked as a maintenance helper at the Economy Inn while the Brookses worked there. He testified that Ahn and Sunshine Investments did not pay him overtime although he occasionally worked over 40 hours a week. He testified that he was present when Debra Ann complained to Ahn about the fact that the employees were not being paid overtime. He also testified that one day when he was painting Ahn's house, Ahn told him that Debra Ann had "done it herself" and had stabbed herself. Anderson testified that when Ahn told him this, he was not working in his capacity as a maintenance man at Economy Inn but was simply working for Ahn painting his house.
Debra Ann testified that she often worked overtime hours, but that Ahn refused to compensate her for them at "time and a half"; that he would either pay her for the hours at her regular pay rate, or he would not pay her for those hours at all. Debra Ann testified that she contacted the Department of Labor concerning his refusal to pay. She testified that Ahn fired her because she repeatedly talked to him about his not paying her or the other employees fully. Debra Ann testified that she did not "stage" or fake the robbery, and she testified that her attorney wrote to Ahn a demand for a retraction of the statements he had made concerning her and the robbery.
She further testified that she was unable to obtain her time cards from Sunshine Investments, but that in her estimation it owed her approximately $2,085 in unpaid overtime. She also testified that since Ahn had fired her, she had not obtained another job, although she had looked for one. Robert's employment contract with Ahn stated that Debra Ann was to receive $768 a month. Debra Ann testified, however, that she did not consider herself bound by the contract between Robert and Ahn.
Debra Ann also testified that on various occasions Ahn deducted from her paycheck shortages in the cash register's balance. Debra Ann also testified that Ahn stated that he fired her because he believed that she had used a customer's credit card to purchase some flowers.
Ahn's attorney moved for a directed verdict on the wrongful discharge claim and the defamation claim, but the trial court denied the motion. The jury awarded Robert and Debra Ann $1,500 each against Sunshine Investments on their claims for unpaid overtime compensation. The jury awarded Debra Ann compensatory damages of $1000 and punitive damages of $3,000 against Ahn on the defamation claim. The jury awarded Debra Ann damages of $13,259.88 on her wrongful discharge claim against Sunshine *Page 410 
Investments. The circuit court entered judgments on these verdicts and also entered an award of liquidated damages as provided for under 29 U.S.C. § 216(b), awarding an additional $13,259.88 to Debra Ann on the wrongful discharge claim and an additional $1,500 each to Debra Ann and Robert on their claims for unpaid overtime compensation. It also awarded attorney fees to the Brookses as provided under 29 U.S.C. § 216(b). Sunshine Investments and Ahn made a motion for judgment not withstanding the verdict or a new trial, which the circuit court denied.
 I. DEFAMATION CLAIM
The defendants argue in their brief that the plaintiffs did not present a prima facie case of defamation against either Ahn or Sunshine Investments. Because the verdict and the judgment on the defamation claim were solely against Ahn individually, we will not consider the arguments on behalf of Sunshine Investments.
Ahn first argues that he cannot be held individually liable for any defamatory statements, because, he argues, he was acting within the line and scope of his employment when he made the statements. For example, he argues that there was no evidence to justify "piercing the corporate veil." Ahn cites no authority to support the proposition that if he engaged in tortious conduct, only the corporation and not he can be held liable. Ahn misconstrues the law if he assumes that, merely because he is employed by a corporation, that employment protects him from all civil liability for tortious conduct. A person is liable for the torts that he commits, regardless of the capacity in which he acts. Southeastern Constr. Co. v.Robbins, 248 Ala. 367, 27 So.2d 705 (1946); Finnell v. Pitts,222 Ala. 290, 132 So. 2 (1930)[1]; Chandler v. Hunter,340 So.2d 818 (Ala.Civ.App. 1976).
Ahn next argues that his statements did not constitute slander per se and that, therefore, Debra Ann's proof was deficient for failure to prove harm to her reputation. Ahn made at least two statements concerning Debra Ann's involvement in the robbery, one to Robert, wherein he stated that "[H]e [Ahn] thought she [Debra Ann] robbed herself," and one to Anderson, who testified, "[H]e [Ahn] told me that she [Debra Ann] did it herself, she stabbed herself." Ahn argues that these statements alone were not sufficient to support a jury verdict of slander per se.
 "Slander to be actionable per se must impute an indictable offense involving infamy or moral turpitude. Marion v. Davis, 217 Ala. 16, 114 So. 357 (1927). Words which impute larceny are slanderous per se. Phillips v. Bradshaw, 167 Ala. 199, 52 So. 662 (1910). Damage is implied by law from the speaking of words which are slanderous per se. Donaldson v. Roberson, 15 Ala. App. 354, 73 So. 223 (1916)."
Lewis v. Ritch, 417 So.2d 210, 211-12 (Ala.Civ.App. 1982).
The evidence indicates that money was taken from the cash register during the robbery. Ahn's statements to Robert that "she robbed herself" and to Anderson that "she did it herself" therefore clearly impute the crime of larceny to Debra Ann. This is slander per se, and Ahn's argument is not well taken.
 II. WRONGFUL DISCHARGE CLAIM
Sunshine Investments argues that the evidence was insufficient to support the jury's finding that Debra Ann was wrongfully discharged. It is undisputed that Debra Ann was an "at-will" employee of Sunshine Investments, Inc., at the time of her termination. The parties agree that her sole cause of action for damages for wrongful discharge arises from29 U.S.C. § 215(a)(3), which provides:
 "(a) . . . [I]t shall be unlawfuI for any person —
". . . .
 "(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is *Page 411 
about to testify in any such proceeding, or has served or is about to serve on an industry committee;"
Sunshine Investments argues that Debra Ann failed to present substantial evidence to support an element of her wrongful discharge claim, i.e., that she actually contacted the Department of Labor and filed a complaint, or otherwise instituted any proceeding under the chapter of which § 215 is a part. Both Debra Ann and Robert testified, however, that Debra Ann did contact the Department of Labor, and that she complained to employees of that Department that she and other employees of Sunshine Investments were not being paid overtime in accordance with 29 U.S.C. § 207. Section 207 provides, in pertinent part:
 "(a)(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. . . ."
Sunshine Investments presented no evidence that Debra Ann and/or Robert did not contact the Department of Labor, other than Ahn's statement that no one from the Department of Labor had contacted him about Debra Ann. Debra Ann testified that Department of Labor employees came to the Economy Inn to talk to Ahn on two occasions that she knew of, and Robert testified that he knew of three such occasions. Such conflicting testimony was for the jury to decide. This and other evidence was sufficient to support the jury's verdict that Debra Ann was discharged from her job because she complained to the Department of Labor about Ahn's compensation practices.
Sunshine Investments also argues that Debra Ann did not present sufficient evidence to support the jury's award of $13,259.88 on the wrongful discharge claim. However, we have reviewed the record, and we conclude that the evidence is sufficient to support the jury's award.
For the foregoing reasons, the judgments are affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, KENNEDY and COOK, JJ., concur.
[1] Holding limited by Taylor v. Shoemaker, 605 So.2d 828, 830
(Ala. 1992).