HOLMES, Retired Appellate Judge.
Sam Grant, Jr., appeals a summary judgment entered in favor of Dolgen Corporation (hereinafter referred to as Dollar General) and Pat Williams, one of its managers, on Grant’s claims of false imprisonment, slander per se, invasion of privacy, negligence, and wantonness.
Suffice it to say, the facts of this case are disputed. The evidence, however, when viewed in a light most favorable to Grant, suggests the following: On December 4, 1995, Grant entered Dollar General to purchase certain items. After purchasing the items, he exited the store and proceeded to a nearby restaurant for lunch. According to Dollar General’s manager, a customer in the store informed her that he had seen Grant take a shirt from a rack and leave the store without paying for it. The manager testified that she examined the area around the rack and did not find any evidence, i.e., empty hangers or tags, in the area. The manager, nevertheless, contacted the Atmore Police Department and reported the incident. Officer Kenneth Hall stated that he monitored the call and went to Dollar General to speak to the manager about the incident. According to Officer Hall, the manager reported that both she and the customer witnessed Grant take the shirt from the rack, put the shirt on, and leave the store.
While Grant was in the restaurant, Officer Hall and Officer Chris Pruitt approached Grant and inquired about the shirt that he was wearing. Grant raised his voice at the officers, who requested that Grant step outside. While outside, the officers apparently accused Grant of stealing the shirt. Grant told the officers that he had purchased the shirt from K-Mart, and he requested that the officers examine the tag in the collar of the shirt to verify this fact. During the conversation, Grant became hostile, and the officers arrested him for disorderly conduct. Thereafter, the officers transported Grant in the police car to Dollar General to address the matter.
When the officers arrived at. Dollar General, the manager exited the store, approached the police car, and apparently stated, “that’s the man and that’s the shirt.” After conducting an investigation, the officers discerned that Grant could not have stolen the shirt from Dollar General, because the shirt was sold exclusively by K-Mart. No charges were filed against Grant, and the police officers subsequently released him from their custody.
On September 6, 1996, Grant sued Dollar General and its manager (hereinafter sometimes collectively referred to as Dollar General), alleging false imprisonment, slander per se, invasion of privacy, negligence and wantonness.[1]
Dollar General filed a motion for a summary judgment, along with supporting documentation. Grant filed a brief in opposition, along with supporting documentation. In March 1998, the trial court entered a summary judgment in favor of Dollar General, as well as its manager, on all counts.
Grant appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all *894 reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682. Substantial evidence has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Furthermore, in determining whether substantial evidence exists to defeat a summary judgment, the reviewing court must view the evidence in a light most favorable to the nonmoving party. Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990).

False Imprisonment

In Big B, Inc. v. Cottingham, 634 So.2d 999, 1001 (Ala.1993), our supreme court defined false imprisonment as follows:
“False imprisonment consists of the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty. Ala. Code 1975, § 6-5-170. For there to be a false imprisonment, there must be some direct restraint of the person; however, it is not necessary that there be confinement in a jail or a prison. Any exercise of force, or the express or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment.”
A wrongful or false arrest will support a claim for false imprisonment. Upshaw v. McArdle, 650 So.2d 875, 878 (Ala.1994). In Crescent Amusement Co., Inc. v. Scott, 34 Ala.App. 335, 338, 40 So.2d 882, 885 (1949), the Court of Appeals stated the following:
“Where one merely reports to an officer what he has seen, and an arrest and imprisonment of a third person follows from an investigation subsequently made by the officer, the arrest and imprisonment is the act of the officer, and not of the informant. And if the officer acts solely on his own initiative, the informant is not liable even though he directs or requests such arrest, and even though he be actuated by malice or other improper motive.
“On the other hand one may be held responsible as the instigator of an arrest without expressly requesting or demanding it if the facts surmunding the arrest reasonably create a permissible inference of such instigation.”
(Citations omitted) (emphasis added).
In Crown Central Petroleum Corp. v. Williams, 679 So.2d 651, 655 (Ala.1996), our supreme court, in a malicious prosecution case, made it clear that “a person does not instigate an arrest by merely providing information that results in another’s arrest, unless the person acts in bad faith (i.e., lacks any reasonable basis upon which to accuse another of a crime).”
In the instant case, Dollar General had the initial burden of showing that Grant had no basis for a false imprisonment claim. In support of its position, Dollar General claimed that (1) its manager did not witness the theft; (2) its manager merely conveyed to the police what a customer claimed to have witnessed; (3) the police officers, acting on their own initiative, arrested Grant for disorderly conduct, not for shoplifting; and (4) Grant was never charged and/or arrested for shoplifting. Dollar General submitted the affidavit of its manager, who testified as follows:
“I was the Manager of the Dollar General Store located in Atmore, Alabama, on December 4, 1995. On this date, I was summoned to the front of the *895 store by Charlene Vickery, who was then working at the cash register. When I arrived there, a customer ... identified [Grant] as a person who was leaving the store wearing a shirt that he did not pay for and, further, that the customer had seen [Grant] take the shirt off the rack in the Dollar General Store. I never saw [Grant’s] face as I could only see him from the back, but could see that the shirt he was wearing appeared to be similar to one sold by [the] Dollar General Store.... [The customer] insisted that he wanted the police called, but I informed him that because I [did not] see [Grant] take anything, I could not be the one to make out a complaint and told [the customer] that he would have to do this. At some point, [the customer] had obtained the tag number off [Grant’s] car and I gave that information to the police. I informed the Atmore Police Department that a customer claimed to have witnessed a shoplifting incident at Dollar General. Several minutes later, two At-more police officers came to the front of the store.... While the police were still in the store, they received a call indicating that [Grant] had been located. The police then left and brought [Grant] back to the store a short time later still in the back seat of the police car. The police officers brought me out to the car and asked me if I could identify [Grant], I told the police that I could not identify the man because I never saw his face, but that the shirt the gentleman in the car was wearing looked like the one I had seen when [the customer] pointed out the person leaving the store.”
(Emphasis added.)
Grant, on the other hand, contends that the manager instigated his arrest by maliciously and in bad faith conveying to Officer Hall that she had personally witnessed the theft when, in fact, she had not. In other words, Grant contends that the manager lacked probable cause to believe that Grant had stolen the shirt. In support of his position, Grant offered the testimony of Officer Hah, who stated the following:
“Q. You mentioned earlier that [the manager] told you that she could not identify the shirt; is that correct?
“A. Yes, sir.
“Q. But earlier you mentioned that [the manager] told you that she had probable cause to believe that [Grant] had stolen the shirt?
“A. Yes, sir. [The manager] told me she witnessed [Grant] take the shirt off the [rack] and put it on his back.
[[Image here]]
“Q. Now, when you talked to [the manager] that day at [the] Dollar General Store before you even saw Mr. Grant, she gave you a description of what the shirt was like that Mr. Grant had allegedly taken from the store, did she not?
“A. Yes, sir.
“Q. And did she say she saw him put on this shirt that she described to you?
“A. Yes, sir.
[[Image here]]
“Q. What was [the manager’s] demeanor when you talked to her during this incident?
“A. Calm, confident that he stole the shirt.”
Grant also offered the testimony of Officer Pruitt, who testified that, upon arriving at Dollar General, the manager exited the store, approached the police car, and stated, “that’s the man and that’s the shirt.” This testimony contradicts the manager’s testimony that she was unable to identify Grant. Officer Pruitt also contradicted the manager’s statement that Grant’s shirt was similar to one sold by Dollar General. Specifically, Officer Pruitt testified that he examined the shirts at Dollar General and that none of the shirts resembled the one that Grant was wearing.
As noted previously, it was discerned that the shirt that Grant was accused of stealing was, in fact, a K-Mart exclusive and could not have come from Dollar General. Hence, logic dictates that neither the manager nor the customer could have *896 witnessed the alleged theft, because no theft occurred.
Based on the conflicting testimony, we conclude that a genuine issue of a material fact exists as to whether the manager did, in fact, instigate Grant’s arrest by maliciously and in bad faith making false charges to the police officers, who subsequently pursued Grant. See Casino Restaurant, Inc. v. McWhorter, 35 Ala.App. 332, 46 So.2d 582 (1950) (holding that a jury question existed as to whether defendant was the instigator of arrest, or aided or abetted in its consummation). See also Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975) (holding that the existence of malice is a jury question).
Furthermore, we would add that while the police officers did arrest Grant for his disorderly conduct, they, nevertheless, detained Grant, who was handcuffed, for a period of time in the back of the police car, pending an investigation of the shoplifting complaint. Hence, Dollar General’s argument that Grant was arrested for disorderly conduct, and not for shoplifting, must fail, because the “facts surrounding the arrest reasonably create a permissible inference of such instigation.” Crescent Amusement Co., Inc., 34 Ala.App. at 338, 40 So.2d at 885.

Slander per se

 “Slander to be actionable per se must impute an indictable offense involving infamy or moral turpitude.” Lewis v. Ritch, 417 So.2d 210, 211 (Ala.Civ.App.1982). “Words which impute larceny are slanderous per se.” Id. at 211-12.
As noted previously, when the manager exited the store, she approached the police car and apparently stated, “that’s the man and that’s the shirt.” Grant was handcuffed and confined in the back of the police car in front of Dollar General. This utterance was communicated in front of several officers and, according to Grant, was overheard by other bystanders. Officer Hall stated that he understood the statement to mean “that’s the man that stole [the shirt] and that’s the shirt that was stolen.”
It is undisputed that Grant did not steal a shirt from Dollar General. Hence, if the manager maliciously and in bad faith made false charges against Grant, then the manager’s subsequent statements, “that’s the man and that’s the shirt,” would appear to be slander per se. This issue, of course, is dependent upon whether the manager did, in fact, maliciously and in bad faith instigate Grant’s arrest.

Invasion of Privacy

In Phillips v. Smalley Maintenance Services, Inc., 435 So.2d 705, 708 (Ala.1983), our supreme court stated the following:
“It is generally accepted that the invasion of privacy tort consists of four distinct wrongs: 1) the intrusion upon the plaintiffs physical solitude or seclusion; 2) publicity which violates the ordinary decencies; 3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; and 4) the appropriation of some element of the plaintiffs personality for a commercial use.”
(Footnote omitted.)
It is logical to assume that customers entering and exiting Dollar General saw Grant in the back of the police car and witnessed the manager exit the store, approach the police car, and apparently state, “that’s the man and that’s the shirt.” Grant contends that the manager’s actions, under the circumstances, were unreasonable; that her actions seriously interfered with his desire for anonymity; and that her actions went beyond the limits of decency. These issues, too, are dependent upon whether the manager did, in fact, maliciously and in bad faith instigate Grant’s arrest.

Negligence

In the instant case, Grant has failed to cite any case which recognizes a cause of action for negligently and/or wantonly instigating a false arrest, defaming another’s character, and invading another’s *897 privacy. Instead, Grant’s allegations of negligence and wantonness are merely recitations of his previous claims for false imprisonment, slander per se, and invasion of privacy, which he now couches in general terms of negligence and wantonness.
In Cutts v. American United Life Ins. Co., 505 So.2d 1211, 1214 (Ala.1987), our supreme court elaborated on claims arising out of facts within the ambit of clearly recognized theories of law, i.e., malicious prosecution, but couched in general terms of negligence and wantonness:
“The wrongdoing which Cutts alleges centered around the procurement of the indictment against him. Indeed, the damages he claims are for the expense, emotional suffering, and humiliation incurred in being indicted and having to defend himself. The policy disfavoring malicious prosecution claims would also disfavor bringing claims arising out of facts within the ambit of malicious prosecution but couched in other terms, especially general allegations of negligence, willfulness, or wantonness. Therefore, in the absence of any other clearly recognized theory under which Cutts could proceed, his complaint must be treated as one for malicious prosecution.”
Based on the foregoing, we conclude that Grant’s claims for negligence and wantonness must fail, because they are based on other clearly recognized theories of law, which we have previously addressed.
Consequently, we affirm the summary judgment as to the negligence and wantonness claims. We reverse the summary judgment as to the false imprisonment, slander per se, and invasion of privacy claims. Accordingly, we remand the case for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18~10(e), Ala.Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ„ concur.
THOMPSON, J., concurs in the result.

. We would note that Grant also sued the City of Atmore and the two police officers, and that the parties have since negotiated a settlement. Hence, the City of Atmore and the two officers are not parties to this appeal.